UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MITCHELL KEITH GOODRUM,<br><br>　　　　　　　　　　　Plaintiff<br><br>　　v.<br><br>STATE OF NEVADA, *et al.*,<br><br>　　　　　　　　　　　Defendants | Case No. 2:21-cv-01510-GMN-NJK<br><br>**ORDER** |

　　　　On August 16, 2021, this Court issued an order directing Plaintiff to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee on or before October 15, 2021. (ECF No. 3). With the August 16, 2021 order, the Court also provided Plaintiff with an application form and instructions. On October 19, 2021, Plaintiff filed a financial certificate and an inmate account statement for the previous six-month period. (ECF No. 4). Plaintiff did not submit the Court's three-page application form. The October 15, 2021 deadline has now expired, and Plaintiff has not filed a <u>fully complete</u> application to proceed *in forma pauperis* or paid the full $402 filing fee.

　　　　District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421,

1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file a <u>fully complete</u> application to proceed *in forma pauperis* or pay the full $402 filing fee on or before October 15, 2021 expressly stated: "IT IS FURTHER ORDERED that, if Plaintiff does not file a fully complete application to proceed *in forma pauperis* with all three documents or pay the full $402 filing fee for a civil action on or before October 15, 2021, this case will be subject to dismissal <u>without prejudice</u> for Plaintiff to refile the case with the Court, under a new case number, when Plaintiff is has all three documents needed to file a complete application to proceed *in forma pauperis* or pays the the full $402 filing fee." (ECF No. 3 at 3). Thus, Plaintiff had adequate warning that dismissal would result from noncompliance with the

Court's order to file a <u>fully complete</u> application to proceed *in forma pauperis* or pay the full $402 filing fee on or before October 15, 2021.

IT IS THEREFORE ORDERED that this action is dismissed <u>without prejudice</u> based on Plaintiff's failure to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee in compliance with this Court's order dated August 16, 2021. (ECF No. 3).

IT IS FURTHER ORDERED that the Clerk of Court will close the case and enter judgment accordingly. No other documents may be filed in this now-closed case.

DATED: October 25, 2021

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE